In re, Rey, Christopher J. Langley, counsel for appellant Maria Teresa Melendez-Rey, Thomas H. Casey, counsel for Apolli, Peter Urquijo. Thank you. Counsel, would you like to reserve time for reply? Yes, please. How much? Should I ask the first question? Yes, please. How much time? Five minutes. Five minutes? Certainly. You may begin. If it may please the court, Christopher Langley appearing on behalf of appellant Teresa Melendez-Rey. This case is about a homestead exemption. Essentially, we first look at the statute. As mentioned in the briefs, the statute in question is 704, 710, and 780. Essentially, the debtor is trying to claim a homestead and a property. This property is the debtor's primary residence. There's no dispute. The issue, however, is there's a back unit to the property that's attached to the debtor's garage. This is one parcel, one lot, one property tax bill. The debtor has rented out the back unit of her property since she's occupied the property. There's no dispute as far as facts. It's really the legal application of the standard. Under the statute, the statute requires the definition of homestead, well, the definition of dwelling. They start out with the homestead because essentially the homestead is the principal dwelling. The definition of dwelling simply means a place where a person resides, and the code then specifies multiple types of dwelling. It says included but not limited to. The subsection in play in this case is a house with the outbuildings and the land on which they are situated. The court has, in prior cases, and we've cited it, said, okay, when we look at the homestead, we simply look at use and we look at value. This is the Gerald case. Is the homestead, is this property being used by the debtor as a residence? The homestead requires this to be the principal dwelling, and does it exceed the value that's allowed? In this case, the property as a whole is worth somewhere, it's disputed, and we have an evidentiary hearing with the court next week, but the value of the property as a whole is worth somewhere between $850,000 and $950,000. There's a mortgage on the property for $570,000. That mortgage encompasses the entire property, and so the net equity is about $320,000. Under California Homestead, the amount allowed at the time of filing was about $625,000. Now, a Pelley creditor brought this theory to the court based on very old law that's all pretty much 150 years old or 130 years old. It's still valid. It's still valid, but again, it's, our argument is there's a different understanding. So what this law does, and I can kind of quote some of the law and some of the statutes, was if I were to attempt to exempt multiple parcels of land, the court would obviously look and see, well, is this, we can't abuse the homestead. So it's, does this parcel of land, if we have two separate parcels and houses next to each other, but they're separate parcels, the court's gonna obviously look at that and say, can we exempt both of these parcels? Okay, I was gonna ask, if this was two lots, I don't think this would be a question. We wouldn't have a problem. But we're in bankruptcy. Here's my question is, is that, can't you apportion value because you're in bankruptcy? You say, okay, what is the value of the land and the residence? And then separately, what is the value of the rental building? And in bankruptcy, you're talking, you're dealing with apportionment of value. Can't we divide the value even if we can't divide the lot in a Chapter 13 plan? Well, we've mentioned that, and that's in the brief where it's required that essentially the court look at what, because under California law under the exemption, before you can foreclose on a homestead, you have to look at what the fair market value of that homestead is. But nobody's foreclosing here. I mean, it's been, it's the requirement of a forced salesman satisfied by the bankruptcy and nobody disputes that. So now it's just, what do you do? And the homestead doesn't exempt the property. It exempts the value of the property, which is inherently the issue here. Ultimately, how much is going to be in play in the Chapter 13? The homestead exempts a value up to, obviously the homestead is necessary to be associated with the property, even if you were to get that value, it'd be necessary to be reinvested within six months. But essentially, it exempts a value up to a certain statutory amount. The debtor should get that statutory amount if this property is sold, if they cannot. To the extent that the homestead applies, and that's what Judge Brandt decided. To the extent that the homestead applies. It applies to the residents, and because they are separate physically, if not legally, she made that determination. Where is the error in that? All of the case law that's cited deals with large portions of land where the actual homestead is not disturbed. Let's talk about Greg B. Boswick, where the court says, and this is in 1867, there's a whole lot, there's four parcels, it's essentially a city block. And they say, well, we're gonna limit your homestead. And they specifically say, we're gonna limit your homestead, and we are going to exempt from seizure and execution that portion of the lot that you use. Now, the way California law, and this is the Smeltz case, essentially, we may not be able to protect separate structures if you can divide or cut off or determine that to be excess land. When it's an indivisible parcel, the homestead protects a whole lot. Essentially, what the judge did here was say, in vain of the judgment of Solomon, she split the baby. She said, okay, well, half the garage is protected, half the garage is not. There's no precedent for determining half a building is homesteaded, half the building is not. But it's not the building, it's the value. But what the statute says, and going back to the statute, is the dwelling, the homestead is the primary dwelling of the debtor. The homestead includes a house together with the outbuildings on the land on which they are situated. I don't think we need to get me wrong. That is convenient and necessary for their use in the land situated thereon. I don't see that as part of the definition in the homestead. We are not going to overturn, as Judge Brand said, 150 years of uninterrupted California precedent. But it is in California. If you don't use it for residence, and she never has, right? Yes, that's correct. She's never lived there. She's operating a business in another building on the same property she lives on. The indivisibility argument is the one that makes it difficult for valuation purposes. But the fact that if she ran a casino on that property, instead of renting it out, she doesn't live in it, she doesn't intend to live in it, she never lived in it. She lived in the house that's located on the same parcel. Isn't that the distinguishing feature that Judge Brand relied upon? To distinguish the cases that you're relying upon? Where the outbuildings were utilized by the individuals, even if they were a city block, they lived in all of the buildings. They used them all for their use and enjoyment of their residence. She doesn't do that here. But I think what the distinguishing factor that the judge didn't see is, when the court determined what excess land was, it did not interfere with the homestead of the debtor and it was reduced to a portion. Well, if we affirm, she doesn't lose her homestead, right? But the property gets sold. Well, why does the property have to be sold? I mean, couldn't she, as in the docket shows, that the Chapter 13 plan hasn't been confirmed, right? And the case is still pending. Can't she present a plan that deals with the apportionment of value? Say, okay, I have a homestead in my residence and the land, the lot on which it sits, but I don't have a homestead necessarily in the building that is used for rental purposes. And which I don't live in. And you'll portion the value and say, now, because the building wouldn't include the lot. I mean, it's basically on, you know, it's just the building. And under the plan, say, you have a valuation hearing and say, how much is that building worth separate from the lot and the other residents? And that value has to be included in her Chapter 13 plan. So she gets to claim a homestead. She gets to keep the value, as Judge Spraker talked about, the value of her residence and the value of the lot. She can homestead that. But she doesn't get a homestead the extent that the value was increased by a rental structure on the lot. Well, what the court ruled is they actually divided the lot as far as what was protected and what wasn't. So the back unit that we're talking about is attached to the debtor's garage. And the court decided, we're going to separate this lot out. We're not going to partition the lot, because that's not what we can do. But we're going to separate this lot out. Now, the problem with the current plan is it's a completely arbitrary, there's no mechanism in California law for saying, well, because, again, we talked about fair value. The court is going to say, and this is going to come up, if this is upheld, it's going to be another issue on appeal. It's going to be, well, how do you apportion value? The court has said, we're just going to look at true square footage. So we're going to say, if the back is 2 thirds of square footage of the property, we're going to declare that 2 thirds of the property, the equity is not included. The apportionment of value is not before us today. It's not. But how would you do it? I mean, one of the arguments could be that she gets the lot. And there's a lot of properties that people own the building, but they don't own the land underneath it. That is a business structure that does exist. It's unique, but I mean, it's not unique. It is not common, but it does exist. And you can value based on how much rent comes in and apportion the mortgage to it and stuff. But you could still do a division of the value. I understand, but that's not what California law in the homestead. The homestead needs to be construed liberally in benefit of the debtor. If I can just take a couple more minutes of my five minutes. The homestead needs to be construed liberally in favor of the debtor. The purpose of the homestead is to preserve from a sale this property. Basically, what the court ruled is, well, we're going to force this sale on this debtor, but that's not supported under California law. California law has very clear precedent going back, and we cited those cases, that if you have a duplex, if it's an attached building, they make this distinction. It's a distinction without difference now based on the way we can apportion lots. You could, when the court ruled under all of these cases, separate out the excess land, and it did not interfere with the debtor's homestead. When you couldn't do that, as in the case of Inmary Smelts, the debtor was entitled to their entire homestead. But the Smelts court was very clear. But for that stipulation, and there was a stipulation, the court went through a litany of cases that said a different result was required. We don't know why it was indivisible. I'm not sure what indivisible means, right? My understanding is it can't be severed. You can't, you cannot portion this. What's the authority for that? That's the California law that says the parcel, I believe that's the understanding of what the land to which the homestead is attached. If you cannot separate, if you cannot sell in port, if you cannot separate the property and maintain the homestead, the entire homestead is protected. What's the authority for that? Because at least in Wagner and Maloney, there is at least a strong inference in Wagner and Express in Maloney that with two houses on one lot, each was divisible and separate from the other. Only that portion, actually the residence of the homestead was subject to the dedication of the homestead. I think the important part is that it was divisible. This lot is not divisible. How is it divisible on a single lot? Because before the Parcel Act, and this is mentioned, you could deed off portions of your property or you can separate portions of your property. And where is that established? And you are cutting into your reply time. I mean, so I need to understand where is that established as a matter of law? Because Wagner just deals with a case to effectively quiet title, right? So it divided. And it maintained a portion for the debtor to live on. And that seems to be a situation here, isn't it? Nobody's complaining about the residence. But the debtor cannot maintain, they can't maintain the residence if two-thirds of the property is non-exempt. Why not? Because there's $300,000 of equity. The court's gonna say the debtor's only entitled to $100,000 of equity. They need to propose a plan that's gonna provide- We don't know that the court's gonna say that because you're gonna be able to argue- That's not an issue before us. Because in the apportionment, you're gonna say that the homestead includes all of the land. I mean, if there was- Rule that it doesn't include all the land. Well, is that issue before us? Yes, because the order that the court ruled, the order of the court is, we're gonna divide up this land. We're gonna split the garage in half. There's a two-car, there's one two-car garage- But that's the problem. Nobody's actually physically taking a saw to the garage. They're splitting the value of that. Yes, but the result of that in a chapter seven would be a forced sale. We're not in a seven. But this will go in a seven if we cannot propose a feasible plan. Because this was initially filed as a seven. We converted to a 13 when there was additional income discovered. We proposed a 13 plan. The ruling of the court was, this can't go back into, this can't be dismissed. It would have to go into a seven if you can't propose a feasible plan. So yes, if we cannot, if the court rules, you have to pay $200,000 into this case because you have this, two-thirds of this homestead is not, two-thirds of this property is not protected. I don't think there's any basis in law. The basis that was- But even then, in a chapter seven, in that situation, there was a valuation. It goes into seven. Then chapter seven, trustee, if he or she believes that it is economically appropriate within the federal jurisdiction, sells it. And that valuation is applied to the proceeds. And there's a valuation of the garage attached to each of that use. So I don't see the problem. The exclusive use standard is the problem. Because essentially, if you have a debtor, traditionally, if someone rented out a room, that's not gonna be, that's still gonna be protected by the homestead. If you have a situation where a debtor doesn't use three bedrooms of her house, the same rule would apply here. And I think the courts have distinguished those cases. And the distinction is you can maintain the homestead by separating out the additional property. In this case, it's all or nothing. You can't keep the property without selling it. The only way to partition this property is to sell it and partition the proceeds, and that's not supported by California law. You've exhausted all of your time. We're gonna give you some time for reply. We'll address it after we hear from Napoli. Thank you. Counsel? Good morning. My name's Tom Casey. I represent Napoli. Creditor Pete Orkeho. A few moments ago, this panel asked the appellant, can't you simply apportion the value of the exempt versus the non-exempt value of the APN? And the answer is yes, of course. In the part of the reply papers filed in the lower court, we cited the California legal authority and an expert who's a partition referee, where it was shown California law allows you to apportion the sale proceeds. This panel appropriately questioned also, isn't this the issue of the amount of the homestead exemption being paid from the sale proceeds? Yeah, let me ask this to make sure I understand it, is that your position is not that the debtor, the debtor is entitled to a homestead, but she's entitled to a homestead for the residential property, the dirt underneath it, but not against the building that is used for commercial purposes or for rental purposes? Yes, and to clarify further and to put a finer point on that, yes, creditor Akiho has always agreed that the debtor has a homestead exemption in 1922 Bunker Avenue and one half of the garage. Everything in back of that, no, the debtor does not have a homestead exemption to it because the undisputed evidence shows for the applicable legal authorities, it's not necessary to her use and enjoyment of her homestead in 1922 Bunker Avenue, Your Honor. And Your Honor, to complete my argument on the apportionment, absolutely it can be apportioned per the applicable California legal authorities cited to the lower court. And those authorities, which ones dealt with multiple units on a single lot? Because a lot of the cases that are cited and Judge Brand cited deal with a property comprising of several lots. Your Honor referenced the Maloney v. Heffer case. I would suggest, Your Honor, that is on point. That's one. There's also the, let's see, in the Gregg v. Bostwick case, in that case the court- There were four separate lots in Gregg. Correct, in that case the court focused on the amount of the homestead being paid and focusing on the use of the homestead there. But that seems to be easy. I mean, if you have four lots and one lot was used for a residence, the court didn't then go in and say, well, you only get half of that one lot on the residence because maybe you don't- I understand that when you have separate lots, it is divisible by nature. So the question that the appellant's making is that this is a single lot. Why, how, isn't, I mean, how do you- You say that you can subdivide it, but why is that the focus here? Why isn't it just that lot is either used for residence or for business? The entire APN can be sold, and the sale proceeds apportioned to the exempt portion where the value is entitled to the application of the homestead, and the other sale proceeds would go to the bankruptcy estate. And did the bankruptcy judge rule that the lot value would be apportioned? In other words, the dirt itself. Well, the lower court's ruling in the last paragraph indicated that courts have long entertained causes of action to determine the value of- Excess land. Excess land, thank you. So here, is there any excess land? I mean, if the rental property was not on this land, there'd be no question she'd get her residence and the entire lot, because it's one lot. Okay, in this case, in looking at the apportionment, what I'm wondering is that even if the debtor is only entitled to a portion of the total value, isn't the debtor entitled to the value of all of the dirt, not dividing up the value of the dirt, and her residence, and that what is not homesteadable is just the structure itself and the revenues that are associated with that. No, she's not, because the lower court found that the dirt, he's, Your Honor, saying, is not necessary to her use and enjoyment of her homestead. He passed that half of the garage and passed her 19, 22- Well, it's the structures, though. I mean, if the lot can't be divided, isn't the lot necessary for her small residence in the corner? No, Your Honor, because- So, well, is it possible that the bankruptcy judge was right on part of it and wrong on part of it? The lower court was right on all of it, Your Honor, because there's no evidence before the lower court that this debtor needed to use any of the dirt in back of her fence in half of the garage. In fact, she was contractually barred from even entering into the rental building. Okay, but that's a contract, but now we're dividing it up. But if you look at California homestead law, without that other structure, she gets all of the dirt because the lot can't be divided. Probably. The test is whether, and the case law shows this, it is whether the property at issue is subject to, is necessary for the debtor's use and enjoyment of her homestead. Now, that, I don't mean to cut off, Your Honor. I'm sorry, I didn't, go ahead, sir. There are many different factual hypotheticals that could be proposed, and we provided a list of them as to the different facts as to when the property at issue is necessary to the debtor's use and enjoyment of her homestead. Your Honor, as opposed to a hypothetical where the question would be whether the dirt in back of the debtor's homestead is necessary to the debtor's use and enjoyment, there may be facts and evidence, Your Honor, that could show that perhaps not, hypothetically speaking. Assume there's 100 acres in back of the debtor on a single lot. I understand the argument, but I guess the counter is is that if she was to enjoy where her house is under the law, she needs the whole lot. I mean, she couldn't build anywhere on that property because the lot can't be divided. Okay. But there's no evidence of that in the lower court. Your Honor, just touched on one point that I'd like to address also, if I may, which is a whole new argument that was raised on appeal. The debtor needs the rental income from this duplex, which is what Your Honor may be referring to just now with that question. There's a whole new argument raised on appeal for the first time. That wasn't raised in the lower court. That should be deemed waived. There's also no legal authority cited by the appellant that where there is zero physical use of the property at issue, zero, which is the case before Your Honors. It is undisputed that the real property at issue was not necessary for her use and enjoyment. There's no legal authority cited in the lower court in this newly created argument that all a debtor needs is to collect the rent from it, a business use from it, and that entitles her to the homestead. I respectfully request that argument by the appellant be denied. I have other points that I'd like to make, but I know what's most important is what the court thinks is most important. Are there any further questions from the court? Yes, sir. At the core, do you believe this to be a factual question? In my brief, I cite a legal authority as the type of review, de novo review. I believe the court initially on de novo review identified the correct legal standard and the correct law to apply. The court then applied the evidence, which was not disputed at all in the lower court, to that legal standard. I argued in my brief that to overturn those findings, in fact, would require an abuse of discretion standard, and there's been no evidence of, there's no argument here, I believe a mistake made by the lower court because the evidence simply wasn't disputed in the lower court. Now, it gets to, the reason I raise this is it gets to a question of use and enjoyment under your standard and as articulated in the focus, whereas Ms. Ray is arguing, look, it's indivisible, and that indivisibility is a matter of law,  right? Whether the property is indivisible, in a sense, isn't relevant to the key issue the court needs to decide, and the court decided in the lower court, and I respectfully suggest the court should consider today. The legal authorities provide as to whether it's the property at issue is necessary to the use and enjoyment. How do you deal with Schmelzen? Schmelzen. Because that was the deciding factor in that case. Easily. First, the Schmelz court itself, the court of appeals said this case should not be cited for our ruling today, and that's exactly what Ms. Ray then did. Even though the ruling itself says, essentially, don't use this for presidential value, the Schmelz court also took four paragraphs to respect and uphold and make sure they were not affecting the sound California case law. Except that its holding was that the indivisibility controlled. Yes, it did. So why is that? Because the court gave deference to the lower court under an abuse of discretion. It was a stipulated fact. There was no, there was nothing really to dispute. I mean, there was no, I understand your point that the indivisibility was established and not disputed on appeal, therefore taken. You know, here Ms. Ray is saying this is indivisible. And if it is indivisible, why doesn't Schmelz say that that then means that the totality is either business or residential? Because the Schmelz court has no presidential value. The Schmelz court recognized that it should not affect 150 years of case law and directly, to directly answer your honor's question, whether the property's divisible is not the governing legal standard here. It is whether the property's necessary to the use and convenience and also. I guess, you know, and that's why the question about fact. I mean, if it's a single lot, then why isn't it necessary? I mean, that is your lot. And she chose to fund it. I understand your comments about what was raised and not. She chose to fund it by renting out, by having another building that she rented. And there's no legal authority that supports that, your honor. That if there's no physical use and enjoyment of the property at issue, that that's sufficient for her. And. But haven't at least two California cases considered that? The courts consider all factors, your honor, in determining whether the property is necessary to the use and enjoyment. In fact, you'll see language about, you know, what is the predominant use in a single building? And so the statute is structured where the statute says, may include the buildings and a pertinent land thereon. The wisdom in what the legislature did there was to provide the lower courts the discretion to weigh all the factors and to determine what is necessary for the use and enjoyment, because that respectfully is the standard. The court also questioned as to whether in the context of a Chapter 13 case, why can't the debtor simply propose a plan that would provide the value of the non-exempt part of the APN? Exactly. That's exactly what we want to see in this context of the Chapter 13 case. And if that is proposed, if such a plan is proposed, creditor would be happy. We'd be done. That's all we want, is to have the value of the non-exempt portion of the APN distributed. Whether it's through a Chapter 13 plan, that's fine. If the case is converted to a Chapter 7, the Chapter 7 trustee will perform their statutory duty and realize the value of the non-exempt portion of that land. And that sounds like it may be easier said than done. Your Honor, I think... I think it would be actually under the California case law that I've cited. I have an expert, Matthew Taylor, who's a petition referee, who's done this for many years under California law. An easy, quiet title, Declaratory Relief Clause of Action to sell. I'm citing also Section 363. Respectfully, I think it is easy. I think it's summary judgment material for me on those points. I think I'd prevail on summary judgment that adversary perceiving that would be brought by a hypothetical Chapter 7 trustee. Thank you very much. Any other questions? Thank you very much. Thank you. All right, reply. Since we ran counsel over, I was gonna give him just five minutes. Any objection? No. Madam Clerk, can we give five minutes for reply? Thank you. I think the court brought up some interesting points. The only way the debtor can actually enjoy this property is if the property remains intact. I think that's undisputed. But is it? I don't know because she has separated it. I mean, that's the interesting thing about this fact pattern. She has, in all aspects, apparently separated this property with the possible exception of the garage. She built a unit. I mean, this is a standard duplex. In the neighborhood, this is really what's standard in that neighborhood. It's a long, narrow lot. You have a unit in the back, a unit in the front. It's rented to, and again, this is going to become the norm in California. This case is so much more reaching than just the individual facts. There's $320,000 of equity here. We're basic, I mean, it's not that much, relatively speaking. We're well below the exemption. In Washington, the number I read, in Washington State, 50% of new permits is for multifamily housing than last year. Last year, California, 46% of permits that were pulled for new housing is multifamily housing. This is going to become the norm. And then all the new auxiliary unit dwelling properties. So then the question then becomes, if this was two separate parcels, I have a rental property, I have a small rental property with a very small house that has two separate parcels that send me two tax bills every year. If I filed bankruptcy, I would assume, were I to live there, that that second parcel, the court would employ the necessary use and requirement. They would leave my first parcel alone, but the second parcel, they would employ this test. Now, the benefit of it being two parcels is the mortgage would cross-collateralize both of these parcels. So if this property could actually be subdivided, the mortgage would attach to both sides. So now, the debtor doesn't have that benefit because the mortgage, you can't attach a mortgage to 50% of this property. The mortgage attaches to the entire property. Now, California Appeals Court, VLT versus YAMI, this is 1964, says, look, if you used a building partially or even chiefly for business purposes or renting out part of it, it's not inconsistent with the right of the homestead. The requirement is just that the debtor use it for a homestead. The other uses are irrelevant. But the building is not being used for the residence. It's being used for a rental. There's another building being used for a residence. So then the question is, what is the distinction? Our contention is it's a distinction without a difference based on the way California property law developed. And the distinction, the real reason for it is, look, if the court can divide off a portion and maintain your property, your homestead intact, it will. If it can't, it won't. You get the whole homestead. This leads to so many issues, this use requirement, where there's no exclusive use requirement. The court is not, there's no restrictions on what you do with your homestead other than that it be your homestead. Now, there are restrictions on valuation and that it has to be your primary dwelling. But if you wanna do some other type of business on your homestead, that's allowed and the case law supports it. The distinction is, if you have a separate unit, again, in my situation, if you had two separate parcels, which a lot of the cases are based on multiple lots, I don't think anyone, debtors are overreaching. If I came in and tried to claim two parcels that are next door to each other and say, well, I took the wall down, so they're both mine, no. I don't think that would even be a legitimate argument and wouldn't even be considered. That's really what the difference is, the distinction between the cases. Because when the court looks at, in Ray Gerald, for instance, the homestead rights in a property based on a city law as a residence, it's immaterial, as long as it's a residence, immaterial how the other smaller buildings are used for the purposes on that same property. So the court has already said, if it's a lot, same with Shepardson. If it's, the debtor's not using those properties. I missed you, the first case you mentioned again. This is in Ray Gerald and this is a district case, it's at a southern district. But, so the court has routinely said, so we have this distinction, we have, you can use your homestead for whatever you want, as long as you're homestead, but then we have this distinction. But if we can separate off portions of this property, we will, as long as we don't interfere with your homestead. I believe that's the law in California. If the court were to adopt this ruling, every single homestead case would require an evidentiary hearing of how much of this land do you actually use? Oh, you don't go to your backyard, you haven't been to your backyard in four years because you're a paraplegic and you can't get out of your house? Well, then your backyard's not protected. Well, doesn't that force to sale the house? Yes, but the backyard isn't protected. Every single case is gonna be subject to these type of objections. This is a far-reaching consequence, I ask the court. I don't believe that this ruling is supported by California law. Thank you. Thank you very much, any other questions? No. Thank you for a very interesting argument. The matter will be submitted. Thank you.
judges: Spraker, Gan, and Corbit